[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO RECONSIDER 
Plaintiff moved on August 14, 1995 to reargue and to reconsider this court's decision, dated July 24, 1995, which entered summary judgment against him on his May 16, 1995, complaint on the ground that his malpractice claim, claiming breach of contract, was in fact a negligence claim which was barred by the statute of limitations. In response to his motion, on November 24, 1995, this court granted him the right to reargue its summary judgment decision, limited however, to the simple issue as to whether plaintiff should be permitted to re-plead. On January 16, 1996, plaintiff filed a substitute complaint dated January 15, 1996, alleging in its first count a somewhat modified breach of contract claim and in its second count, negligence on the part of defendant and a related claim for accidental failure of suit under General Statutes § 52-592.
In March, 1998, plaintiff requested a hearing on his motion to reargue and a hearing was held before this court on April 20, 1998.
At that hearing, it was agreed that a cause of action based on the same facts of this case was originally brought by plaintiff in File No. CV93 0530259 S, which was dismissed for failure to return the writ, summons and complaint within the time limits set by the return date under statutory requirements.
It also appears that plaintiff's motion to file the substituted complaint, dated January 15, 1996, had been formally objected to by defendant on January 26, 1995, and this objection had been sustained by Judge Aurigemma on February 13, 1996. CT Page 5424
Plaintiff seeks to reopen this court's summary judgment against him so that he can proceed on the second count of his substituted complaint seeking to regain standing in this court under the accidental failure of suit statute. He argues that if his amended complaint is allowed his claim for accidental failure of suit, first filed in his amended complaint dated January 15, 1996, would be advanced to the date this present action was instituted, February 2, 1994.
General Statutes § 52-592 which authorizes a new action based on accidental failure of suit requires the new action under the statute to be filed "within one year after the determination of the original action." Plaintiff concedes that no new action was started within the one year period after the determination of its previous negligence action, but seeks to position himself as if he did, by invoking the doctrine that an amendment relates back to the date of the original complaint.
No authority has been cited permitting an action under General Statutes § 52-592 to be dated back in this manner.
It appearing that this court, in granting the motion for summary judgment acted correctly, and no useful purpose of revisiting that decision would be served, plaintiff's motion to reconsider is denied.
Jerry Wagner Judge Trial Referee